[L. A. No. 9217. In Bank.—April 19, 1929.]

MORI SAIKI, etc., Respondent, v. LUKE HAMMOCK et al., Appellants.

W. A. Alderson for Appellants.

H. C. Hopkins, L. E. Dadmun and J. Marion Wright for Respondent.

RICHARDS, J.—This appeal is from a judgment of the superior court in and for the county of Los Angeles in an action instituted by the plaintiff through his guardian *ad litem* to quiet title as against certain alleged claims of the defendants in and to certain property described in the complaint. An amended complaint was later filed which included a demand on the part of the plaintiff for specific performance, and the action was tried upon the amended complaint and the answer of the defendants thereto, together with a cross-complaint wherein the defendants sought to have the title of certain of the defendants quieted to said land. The facts of the case, which were in the main undisputed, are these: On or about June 9, 1920, one T. Saiki, who is the father and guardian *ad litem* of the plaintiff, and who is a Japanese alien, entered into a contract for the purchase by and sale to him of the real estate described in the complaint for the price of $4,500, the defendants Luke Hammock and Hannah Hammock being at the time the owners thereof and the other parties to said contract. The sum of $50 was paid by T. Saiki as a deposit and part payment upon account of said contract upon the date thereof, and the sum of $4,450, being the balance of the purchase price, was to be paid within sixty days thereafter. The said balance due upon the contract was within said time paid to and received by said defendants, who thereupon delivered

to T. Saiki the possession of said property. Thereafter and on September 9th T. Saiki assigned to his minor son, Mori Saiki, the plaintiff herein, all of his right, title and interest in and to said contract and in and to the property described therein. Immediately thereafter the plaintiff, by his guardian *ad litem,* demanded of the Hammocks, but was refused, a deed to said real estate; whereupon the present action was instituted against the defendants Luke and Hannah Hammock and certain other defendants who are sued in the original and amended complaint by fictitious names. The defendant Luke Hammock answered separately, setting forth that in the meantime his wife, Hannah Hammock, had died, and that he had succeeded to her community interest in said property. The answer of said defendant, while admitting the payment to him by plaintiff's assignor of the aforesaid sum of money as the purchase price of the property, denies that the plaintiff or his assignor has or ever had any interest or estate in the property. The said defendant further, for want of information or belief, denies the assignment of said contract by T. Saiki to the plaintiff herein. By way of affirmative defense said defendant alleges that at the time of the execution of the contract with T. Saiki the latter was a subject of Japan and an alien ineligible to citizenship under the laws of the United States, and was therefore disqualified from owning, holding, possessing or transferring any interest in real estate of the character of that described in the complaint herein under the laws of the state of California and the treaty between the United States and Japan. The said defendant denies that either himself or his wife had any knowledge of the fact that T. Saiki was such ineligible at the time that they entered into said contract and also at the time when they received the entire purchase price of the property as provided by the terms thereof. He further alleges that upon becoming informed that T. Saiki was an ineligible alien he offered to return to him the entire purchase price of the property, which, however, the latter refused to receive. He admits that T. Saiki was given possession of the real estate at the time of the payment by him of the purchase price thereof and that he continued in possession notwithstanding the fact that the same is residential property, which T. Saiki as an ineligible alien is not entitled to hold or possess. Said defendant then proceeds to allege

that prior to the commencement of this action and for a good and valuable consideration he had conveyed all of his right, title and interest in said property to his co-defendants Ygnacio Atanay and Elisa A. Atanay, and that his said co-defendants have been and now are the owners of said property, to the exclusion of any right, title or interest of the plaintiff herein. The defendants Ygnacio Atanay and Elisa A. Atanay have also appeared and filed their separate answer and cross-complaint herein, wherein in their said answer they repeat practically the averments of the answer and affirmative defenses of the defendants Hammock herein, and which are by reference adopted in their cross-complaint. They allege themselves to be the owners in fee and entitled to the possession of said real estate and pray that the court, as against the plaintiff, should so decree. To the cross-complaint of said latter defendants the plaintiff filed an answer denying that the cross-complainants were the owners or entitled to any interest in said real estate. Upon the submission of the cause the court made its findings of fact and conclusions of law wherein it found the facts substantially to be as those above stated, and further found that on September 9, 1920, T. Saiki had assigned and transferred to the plaintiff Mori Saiki, his minor son, a native-born citizen of the state of California, all his right, title and interest in the aforesaid contract for the purchase of said real estate, and that said Mori Saiki had thereby become and had ever since been and still was the owner thereof and of all of the interest, right and title of T. Saiki in and to the whole of said real estate. The court further found that the purchase price of said real estate, as specified in said contract, was at the time of the execution thereof, and had ever since been, the reasonable market value of the property, and that the contract was in all respects a fair, reasonable, just and equitable agreement between the parties thereto. The court further found that subsequent to September 9, 1920, defendant Luke Hammock had purported to convey the legal title to said real estate unto his co-defendants Atanay, but that whatever title or interest said defendants Atanay took by virtue of said conveyance they took with full notice and knowledge that the defendants Hammock had prior thereto executed to T. Saiki the contract above referred to for the purchase of said property and had fully received the pur-

chase price thereof and had thereupon delivered to T. Saiki the possession of said real estate. As conclusions of law from the foregoing findings of fact the court found that the plaintiff Mori Saiki was and ever since September 9, 1920, had been the owner in fee simple and entitled to the possession of said real estate, and that neither said defendants nor any of them had any right, title or interest therein and that the plaintiff was entitled to have a conveyance of said property executed to him by the defendants herein and that in the event of their refusal to execute such conveyance a commissioner should be appointed by the court with full power and authority to execute the same. The judgment following the findings and conclusions of law was duly made and entered on November 12, 1925, and it is from such judgment that the defendants have taken and now prosecute this appeal.

The contract between T. Saiki and the defendants Luke and Hannah Hammock was made and entered into on June 9, 1920, and the assignment thereof to his minor son, the plaintiff herein, occurred prior to the adoption and taking effect of the Alien Land Law of California, known as the Alien Land Act of 1920 (Stats. 1921, p. lxxxiii), and which became effective in December of that year. It is undeniable, therefore, that the law applicable to these transactions is the Alien Land Law enacted by the legislature of California in the year 1913. This being so, the validity of the contract in question and the assignment thereof by T. Saiki to his minor son, Mori Saiki, a native-born citizen of California on September 9, 1920, is to be governed by the decisions of this court recently rendered bearing upon the validity of such an agreement and also of the assignment thereof to persons eligible to take the title to property of this character under the terms of the act of 1913. It is to be noted that the trial court, while it has found that the original contract for the purchase of said real estate was made and entered into with T. Saiki, a Japanese alien, it has also found that the assignment thereof to his minor son Mori Saiki on September 9, 1920, was in all respects regular and that thereby the entire interest of T. Saiki in and to said agreement and in and to the property described therein was regularly transferred to his said minor son. It would therefore seem that the cases of *Estate of Yano,* 188 Cal. 645 [206 Pac. 995], *In re*

*Akado,* 188 Cal. 739 [207 Pac. 245], *Mott* v. *Cline,* 200 Cal. 434 [253 Pac. 718], and *Suwa* v. *Johnson,* 54 Cal. App. 119 [203 Pac. 414], cover every phase of the question presented for our consideration upon this appeal, and that any consideration of authorities from other jurisdictions or of cases decided with relation to alien land laws differing in material respects from the California Alien Land Act of 1913 (Stats. 1913, p. 206), as interpreted by this court in the foregoing cases, has been rendered unnecessary to the determination of this particular appeal. It would further appear to be undeniable that the Alien Land Act of 1920, and which became effective in December of that year, and which in no respect was made retroactive, can have no effect in the determination of the issues presented upon this appeal. The reasoning and conclusion of the trial court to the effect that, although T. Saiki was an ineligible alien at the time of his entering into the contract in question, and although whatever right or title in or to said property he may have acquired by the payment in full of the purchase price of said property was the subject of escheat to the state under the act of 1913, he nevertheless possessed the right to transfer his right and interest thus obtained therein to an eligible person and that his transfer thereof to his minor son was under the findings made by the trial court a legitimate and permissible transaction, is fully sustained by the foregoing authorities.

It follows that the plaintiff became, by virtue of said assignment as fully entitled to maintain this action and to compel the specific enforcement of the foregoing agreement as though he had been the original and direct beneficiary of the agreement for the purchase of said real estate.

The judgment is affirmed.

Seawell, J., Langdon, J., Curtis, J., Preston, J., Waste, C. J., and Shenk, J., concurred.

Rehearing denied.